IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRIS CRAVEN, | § | |
| (Tarrant No. 0306332) | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-535-Y |
| | § | |
| | § | |
| REUBEN GONZALEZ, Judge, | § | |
| 432nd District Court, | § | |
| Tarrant County, Texas, et al. | § | |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Chris Craven's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Craven, an inmate at the Tarrant County jail, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants Reuben Gonzalez, judge, 432nd Judicial District Court, Tarrant County, Texas; Lloyd Whelchel, assistant district attorney, Tarrant County, Texas; attorneys Leigh Davis and Richard Alley; Dee Anderson, sheriff, Tarrant County, Texas; and Officer Mann, Tarrant County Sheriff's Department.(Compl. Style; § IV(B).) Craven alleges that Judge Gonzalez denied his constitutional right to effective assistance of counsel, interfered with his right of access to courts and allowed the prosecution to act in bad faith. As to Whelchel, Craven alleges he engaged in "malicious prosecution, falsely charged crime, and denial of his constitutional rights." He alleges that counsel Davis breached confidentiality, worked in favor of the prosecution, and refused his request to challenge the indictment. Craven alleges that appellate counsel Alley never met with or talked with him, refused to represent him fairly, and failed

to keep in touch with him regarding appellate deadlines.[1] (Compl. § IV(B), § V.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Craven's claims against some of these defendants must be dismissed.

---

[1] Concerning Plaintiff's naming of Dee Anderson and Officer Mann, the Court will address Craven's claims against these defendants in a separate order for more definite statement.

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

As for Craven's claims against Judge Reuben Gonzalez, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[7] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[8] Because the complained-of conduct by Judge Gonzalez was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 432nd Judicial District Court, Tarrant County, Texas, Judge Gonzalez is entitled to absolute immunity from any monetary damages claims. Accordingly, they will be dismissed.

Likewise, prosecutor Lloyd Whelchel is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[9] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[10] Here, even assuming Plaintiff's allegations against Lloyd Whelchel are true, Whelchel would have taken such action in his role as a prosecutor on behalf

---

[7] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); see also, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[8] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

[9] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[10] *Imbler,* 424 U.S. at 431 n.33.

of the State of Texas. Thus, defendant Whelchel is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims will also be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[11] As to Craven's allegations against his attorneys, he has failed to satisfy the second element. Craven has failed to show that Leigh Davis or Richard Alley, private attorneys, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[12] Furthermore, Plaintiff has made no allegation that either attorney was acting on behalf of the government. Craven cannot show that these attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against these defendants must be dismissed.

Alternatively, the Court concludes that Plaintiff's claims of constitutional violations against Gonzalez, Whelchel, Davis, and Alley, arising from his state court conviction, are not cognizable

---

[11] *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[12] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

4

under 42 U.S.C. § 1983. Plaintiff seeks from this Court relief for violation of his constitutional rights under 42 U.S.C. § 1983.[13] In *Heck v. Humphrey,*[14] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[15] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be made pursuant to *Heck.*[16]

As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his conviction, and are thus not cognizable unless Craven has satisfied the conditions set by *Heck.* Plaintiff has failed to establish that he has met one of the prerequisites to an action under § 1983 as set forth by the Supreme

---

[13]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

[14]512 U.S. 477, 486-87 (1994).

[15]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[16]*See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)(extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

Court. Plaintiff remains in custody and has not shown that his conviction or sentence have been invalidated. As a result, Plaintiff's claims raising constitutional challenges to his underlying conviction are not cognizable, and must be dismissed.[17]

Therefore, all of Plaintiff's claims against Reuben Gonzalez and Lloyd Whelchel are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii); all of plaintiff's claims against Leigh Davis and Richard Alley are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii); and alternatively, all claims against these four defendants are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[18]

SIGNED January 23, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[17]*See Heck*, 512 U.S. at 487-88.

[18]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

6